Commonwealth, Appellant, *v.* Baroni et al.

Submitted September 30, 1946. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Wade K. Newell* and *E. D. Brown,* for appellant.

*Chad L. John, Thomas H. Hudson* and *Thomas H. Hudson, Jr.,* for appellees.

OPINION BY ROSS, J., October 30, 1946:

The defendants, Theodore Baroni and Ruth J. Frost, appellees herein, were tried and convicted upon two indictments, one charging fraudulent conversion and the other conspiracy to convert to their own use moneys alleged to have belonged to William H. Smart. Both indictments, growing out of the same circumstances, were tried together. At the close of the commonwealth's testimony, the defendants' demurrers to the evidence were overruled. After conviction the defendants' motions for new trial were granted, the lower court stating that "the defendants' demurrer at trial should have been sustained".

Before the trial of the case, the district attorney of Fayette County presented a petition to the lower court

asking that E. D. Brown and Wade K. Newell, members of the bar, be permitted "to represent the commonwealth along with your petitioner or one of his assistants in the trial of this case" and the petition was granted. After the new trial was granted, the district attorney, on February 19, 1946, after notice to the private counsel, moved the court for leave to enter a nolle pros. upon payment of costs by the defendants and on February 20, 1946, the court granted such leave. Private counsel, attempting to act for the commonwealth, appealed to this court from the lower court's orders of February 20 granting the district attorney leave to enter a nol. pros.

Appellees have filed a motion to quash these appeals on two grounds: (1) that the appeals were taken before a nol. pros. had been entered and, therefore, were premature, and (2) that private counsel have no authority to take an appeal on behalf of the commonwealth. Both reasons are well taken and the appeals will be quashed.

The appellant's only assignment of error in each case is the order of the court below *granting leave* to the district attorney to enter a nol. pros. The record shows that although leave was granted, the nol. pros. has not been entered. Consequently, these appeals are premature because taken before nol. pros. had actually been entered. *Commonwealth v. Shields*, 89 Pa. Superior Ct. 266.

Furthermore, the private counsel in these cases had no right or authority to represent the commonwealth to the exclusion of the duly qualified district attorney. They were appointed to *assist* the district attorney in the trial of the cases but the conduct of the trials and the taking of appeals, if any were deemed necessary, remained with the district attorney. The Act of March 12, 1866, P. L. 85, section 1, 16 PS 3432, relied upon by private counsel, has no applicability to the facts in this case. That Act provides, inter alia, as follows: "If any district attorney, within this Commonwealth, shall

neglect, or refuse, to prosecute, in due form of law, any criminal charge, regularly returned to him, or to the court of the proper county; . . . it shall be lawful for the prosecutor to present his, or her, petition to the court of the proper county, setting forth the character of the complaint, and verify the same, by affidavit; whereupon if the court shall be of the opinion that it is a proper case for a criminal proceeding, or prosecution, it shall be lawful for it to direct any private counsel, employed by said prosecutor, to conduct the entire proceeding, and where an indictment is necessary, to verify the same, by his own signature, as fully as the same could be done by the district attorney; . . ." The petition under which private counsel were appointed was presented by the *district attorney* and was not a petition by the *prosecutor* as provided by the Act of March 12, 1866, supra. Consequently, private counsel's rights are fixed by the petition filed, to wit, to assist the district attorney in the trial of the cases. They did not supersede him and his right to enter a nol. pros. with the assent of the court was not abridged.

The appeals are quashed.