## Commonwealth v. Gilbert

*Alfred Taxis*, assistant district attorney, for Commonwealth.

*Robert W. Honeyman*, for defendant; *Federico Mauck* and *John Forsythe*, for Harry Gross; *Morris Gerber*, for David and Ruth Thompson.

DANNEHOWER, J., April 15, 1954.—On November 10, 1952, defendant, Eleanor Elizabeth Gilbert, was given a hearing before a magistrate in Lower Merion Township, on the charge of vagrancy. Detective Harry Gross was the prosecutor and testified as a witness. Defendant was adjudged guilty and committed to

prison for six months, but was released on January 9, 1953, upon a discharge signed by the magistrate.

On February 17, 1953, defendant filed a petition for the allowance of an appeal nunc pro tunc from the summary conviction, upon which a rule was granted to show cause why the appeal should not be allowed as prayed for. It was directed "that service to be made upon the District Attorney and prosecutor". This rule was made returnable on February 27, 1953, at 10 a.m., Courtroom D. On February 26, 1953, no service having been made, rule was continued until March 12, 1953.

No service of the rule was made or filed or proven upon either the district attorney or upon the prosecutor, and no court records show any hearing was held or that the rule was ever made absolute.

Nevertheless, on April 13, 1953, an assistant district attorney filed a petition for a nolle prosequi, alleging "By order of the court dated March 5, 1953, a rule was made absolute and an appeal allowed nunc pro tunc by Forrest, J." whereupon permission was granted and nolle prosequi was entered on the same day.

Thereafter, on November 9, 1953, defendant (Eleanor Elizabeth Gilbert) in the criminal case filed a complaint in trespass for false arrest and malicious prosecution claiming $400,000 damages against David Thompson, Ruth Thompson, Justice of the Peace Reithmiller, and Lower Merion Detective Harry Gross, alleging that an order of nolle prosequi was entered in the criminal proceeding (which allegation is a necessary prerequisite to such a suit).

On January 8, 1954, the district attorney filed a petition alleging that since the allowance of appeal nunc pro tunc had not in fact been served upon the prosecutor, or in fact ever made absolute by the court, the order of nolle presequi subsequently entered by the

court was entered on a mistake of fact and there was no pending proceeding in this court which could be nolle prossed and, therefore, a rule was granted to show cause why the nolle prosequi entered should not be stricken off.

To this rule defendant, Eleanor Elizabeth Gilbert, filed an answer alleging that the appeal was allowed nunc pro tunc, that the district attorney appeared and applied for a continuance, and there could be no doubt but that the appeal was in fact allowed. It is also alleged that the district attorney was guilty of unwarranted delay in seeking to have the nolle prosequi stricken off, and filed this petition at the specific instance and request of counsel for the parties to avoid defending a civil action.

On February 2, 1954, and February 11, 1954, respectively, the Thompsons and Detective Harry Gross filed separate petitions to show cause why each should not be permitted to intervene in support of the district attorney's petition praying that the nolle prosequi be stricken. To such rule, defendant, Eleanor Elizabeth Gilbert, has filed separate replies, raising questions of law, which are:

1. Does the court have power to allow petitioners to intervene in the criminal action to strike off the nolle prosequi?

2. If the court has power, should it do so?

The Act of March 12, 1886, P. L. 85, sec. 1, 16 PS §3432, does not deny petitioners the right to intervene. The act is only designed to prevent private counsel from conducting the entire proceedings to the exclusion of the district attorney. Private counsel may enter and intervene in a criminal proceeding to assist the district attorney, and it is a matter within the sound discretion of the court.

In Commonwealth v. Eisenhower, 181 Pa. 470, a murder case, private counsel was permitted to close the

case for the Commonwealth and there was no error. Also, in the murder case of Commonwealth v. Cicere, 282 Pa. 492, private counsel was permitted to assist the district attorney. See also Commonwealth v. Weisel, 9 D. & C. 161; Commonwealth v. Musto, 348 Pa. 300, and Commonwealth v. Baroni et al., 159 Pa. Superior Ct. 518.

Therefore, if in murder and felony cases, private counsel was permitted to intervene and assist, but not to supersede or supplant the district attorney or to conduct the entire proceedings, we see no good reason, especially in this summary conviction case, why private counsel for the prosecutor and the informants should not be permitted to intervene, especially because the district attorney welcomes the intervention; the district attorney's office has already made an inaccurate statement of fact; depositions of an assistant district attorney and a judge may be necessary, under the allegations; and the intervenors have vital, essential and substantial rights to be protected. The Thompsons and Lower Merion Detective Harry Gross have been seriously charged and attacked and sued for a large amount of money; neither have been served or given notice, as ordered by the court, that a nolle prosequi would be entered, neither have had an opportunity to be heard by depositions or otherwise, and therefore, in the interests of justice and fair play, we deem, in the exercise of a sound discretion, that they should be allowed to intervene, not to supersede the district attorney, but to be by his side and assist him and the court to show cause why the nolle prosequi allegedly wrongfully entered, should not be stricken, and to present their depositions and argue in behalf thereof.

And now, April 15, 1954, for the foregoing reasons, Harry Gross, Ruth Thompson, and the estate of David Thompson, individually, and by their counsel, are

hereby permitted to intervene in the district attorney's petition, praying that the nolle prosequi be stricken, and the rules granted are hereby made absolute.