450 A.2d 689

COMMONWEALTH of Pennsylvania

v.

Heidi MALLOY.

Appeal of PAULA–ARLEN VENDING MACHINE CO., INC. (two cases).

COMMONWEALTH of Pennsylvania

v.

James P. MICHENER, Jr., Appellee.

Superior Court of Pennsylvania.

Argued May 4, 1982.

Filed Sept. 3, 1982.

298

Gerald I. Roth, Allentown, for appellant.

William H. Platt, District Attorney, Allentown, for Commonwealth, appellee.

Paul A. McGinley, Allentown, for Malloy and Michener, appellees.

Before SPAETH, ROWLEY and CIRILLO, JJ.

CIRILLO, Judge:

█ This case raises the novel issue of whether the victim of an alleged crime has standing to appeal, without the consent of the district attorney, a judicial determination dismissing a complaint for the prosecution's failure to establish a prima facie case. For the reasons which follow, we conclude that a victim/complainant lacks the authority and power to appeal and, therefore, this appeal must be quashed.

On February 20, 1980, private criminal complaints were executed by David Rosen of the appellant corporation, Paula-Arlen Vending Machine Co. (hereinafter "appellant"), against James P. Michener and Heidi Malloy (hereinafter "defendants"). Each of the defendants was charged with theft by unlawful taking or disposition,[1] theft by deception [2] and criminal conspiracy.[3] The complaints alleged that the defendants, former employees of appellant, drew and endorsed numerous checks on appellant's account without authority, in an attempt to deprive the company of monies.

1. Act of 1972, Dec. 6, P.L. 1482, No. 334, § 1; 18 Pa.C.S.A. § 3921.

2. *Id.,* 18 Pa.C.S.A. § 3922.

3. *Id.,* 18 Pa.C.S.A. § 903(a)(1)(2).

On March 10, 1980, the District Attorney of Lehigh County approved the complaints.[4]

The District Attorney allowed the appellant's private counsel to represent the Commonwealth at the preliminary hearing held on April 17, 1980. After that hearing, District Justice Ralph Beck determined that a prima facie case had been established on all charges against both defendants. On June 4, 1980, informations were filed against the defendants on the charges alleged in the complaints.

Petitions for writs of habeas corpus were filed on behalf of both defendants, on June 5, 1980, in the Lehigh County Court of Common Pleas. The writs alleged a failure by the Commonwealth to establish a prima facie case at the preliminary hearing. Writs of habeas corpus ad subjiciendum were issued and a hearing was scheduled for June 30, 1980. The hearing was conducted by the Honorable Maxwell E. Davison, who reviewed the preliminary hearing transcript[5] and the memorandum of law submitted by counsel.[6] On July 28, 1980, the complaints against both defendants were dismissed because of the prosecution's failure to prove a prima facie case.

On August 20, 1980,[7] appellant privately filed notices of appeal from the order dismissing the complaints, because the district attorney refused to appeal or authorize appellant to do so on behalf of the Commonwealth. On October 29, 1980, the district attorney filed a motion to quash the appeals, challenging appellant's standing to appeal. The motion was denied by our Court on February 10, 1981, "... without

---

4. Pa.R.Crim.P. 133(B)(1) provides:

 When the affiant is not a police officer ..., the complaint shall be submitted to the attorney for the Commonwealth, who shall approve or disapprove without unreasonable delay.

5. Counsel agreed at the habeas corpus hearing that the evidence should only consist of the preliminary hearing transcript.

6. The Commonwealth was represented by Assistant District Attorney William E. Ford.

7. August 20th is the date the notices of appeal were filed in the lower court; they were docketed in the Superior Court on August 26, 1980.

prejudice to the parties to address the standing issue in their briefs."

Inquiry into the power of a private citizen to appeal in a criminal prosecution without the authorization or approval of the district attorney involves a consideration of the significance of the distinction between public and private wrongs and the role of the district attorney in conducting criminal prosecutions.

It is a well-settled principle of law that a crime is an offense against the sovereignty, a wrong which the government deems injurious not only to the victim but to the public at large, and which it punishes through a judicial proceeding in the Commonwealth's name. 21 Am.Jur.2d 61, pp. 115–116. Though the same wrongful act may constitute both a crime and a tort, the tort is a private injury which is to be pursued by the injured party. *Id.,* at § 2, p. 116. Criminal prosecutions are not to settle private grievances but are to rectify the injury done to the Commonwealth. The individual who is the victim of a crime only has recourse in a civil action for damages.[8]

This special position which criminal prosecutions hold in our system has long been recognized by our courts, as evidenced in *Hutchinson v. Bank of Wheeling,* 41 Pa. 42, 45 (1861):

The private wrong was not merged in the public one, nor is the public prosecution intended to supersede the private action. Their purposes are entirely different. The person wronged is not chargeable with the conduct of the prosecution, and therefore not affected by an acquittal. Even a conviction and sentence do not discharge his right of action . . .

and more recently in *Commonwealth v. Walker,* 468 Pa. 323, 331, 362 A.2d 227, 231 (1976):

One of the purposes of the criminal law is to punish offenses against the Commonwealth, as defined by the

---

8. We note that numerous civil suits are pending between the various parties based on the same circumstances.

Legislature, and it follows that, "[t]he criminal prosecution is for the injury done to the Commonwealth, and not for the injury done to the individual who may, if entitled, obtain redress through a civil action..."

*See also, Commonwealth v. Lezinsky,* 264 Pa.Super. 476, 400 A.2d 184 (1979).

■ Though a victim may seek a complaint against an alleged criminal, the district attorney is charged with the responsibility for the investigation and prosecution of any complaint which he approves. The Act of July 5, 1957, P.L. 484, No. 275, § 1; 16 P.S. § 1402 provides that the district attorney is the one "... who shall sign all bills of indictment and conduct in court all criminal and other prosecutions, in the name of the Commonwealth..." In the performance of his duties, the district attorney is a quasi-judicial officer with the duty to seek justice, not just convictions. *Commonwealth v. Pfaff,* 477 Pa. 461, 384 A.2d 1179 (1978). He is obligated to perform this task intelligently and impartially. *Commonwealth v. Wiggins,* 239 Pa.Super. 256, 361 A.2d 750 (1976). The prosecutor is under no compulsion to prosecute every alleged offender, and the decision to prosecute or not to prosecute is a matter within his discretion. *United States ex rel. Miller v. Rundle,* 270 F.Supp. 55 (E.D.1967), subject to review by the court of common pleas.[9]

The seminal case of *In re Petition of Piscanio,* 235 Pa.Super. 490, 344 A.2d 658 (1975) discussed the extent and scope of the district attorney's power to control criminal proceedings:

In considering the extent of the district attorney's power, it is important to bear in mind that the district attorney's function is to represent the Commonwealth in criminal prosecutions. In the capacity as the Commonwealth's attorney, the district attorney has traditionally fulfilled the obligation of investigation and prosecution of

**9.** Pa.R.Crim.P. 133(B)(3)(ii) allows the complainant to file a complaint, disapproved by the district attorney, with a judge of the court of common pleas for approval or disapproval.

crime by initially evaluating complaints to determine whether a charge should be brought against a suspect. "A District Attorney has a general and widely recognized power to conduct criminal litigation and prosecutions on behalf of the Commonwealth, and to decide *whether and when to prosecute, and whether and when to continue or discontinue a case.*"

. . . .

... The attorney for the Commonwealth is acting in accordance with a recognized duty owed to the people of the Commonwealth in withdrawing approval of a complaint when investigation reveals a lack of legal basis for prosecution. If that office is to be given the obligation not only of overseeing the prosecution of crime but also determining when the charges should be brought, logic and efficiency require that *the power to grant approval must be accompanied by the power to withdraw approval* when additional facts newly brought to light indicate the wisdom of such a course.

*Id.,* 235 Pa.Superior Ct. at 494, 344 A.2d at 660–661 (citations omitted) (emphasis added).

 Thus, the district attorney is permitted to exercise sound discretion to refrain from proceeding in a criminal case whenever he, in good faith, thinks that the prosecution would not serve the best interests of the state. This decision not to prosecute may be implemented by the district attorney's refusal to approve the private criminal complaint at the outset, or, once the proceedings have commenced by withdrawing his approval and discontinuing the prosecution of the complaint.

Keeping the above principles of law in mind, we now turn to the central issue—whether a victim/complainant has standing to appeal, without the consent of the district attorney, a judicial determination dismissing his complaint. Though our courts have not resolved this issue, the subject has been indirectly addressed.

In the recent case of *Commonwealth v. Eisemann,* 276 Pa.Super. 543, 419 A.2d 591 (1980), our Court assumed with-

out deciding that appellate review was available to a private complainant/victim when the district attorney and Common Pleas judge refused to approve a private complaint.[10] That court went on to note:

> ... Whether to charge a person with a criminal offense depends upon the exercise of prosecutorial discretion. This discretionary power of the District Attorney in determining whether prosecution shall be commenced or maintained may well depend on matters of policy wholly separate and apart from the existence or nonexistence of probable cause. For this reason, the courts have been wary of interfering with or attempting to supervise the District Attorney in the exercise of his discretion in controlling criminal prosecutions.

*Id.*, 276 Pa.Superior Ct. at 546, 419 A.2d at 592 (citations omitted).

The court continued, quoting with approval *In re Petition of Piscanio:*

> ... The [private] prosecutor ... even as a victim ... has no legitimate interest, other than as a member of the general public, in seeing a violator of the laws brought to justice by the Commonwealth and punished for his misdeeds. If a private prosecutor feels individually harmed his remedy is a civil suit for damages.

*Id.*, 276 Pa.Superior Ct. at 546, 419 A.2d at 592, (quoting) *Piscanio,* 235 Pa.Super. at 495–496, 344 A.2d at 661–662.

The earlier case of *Commonwealth v. Baroni,* 159 Pa.Super. 518, 49 A.2d 188 (1946), determined that appellate review was not available to a private prosecutor who appealed without the consent of the district attorney. In that case, private counsel attempted to appeal, without the approval or authorization of the district attorney, an order granting the Commonwealth non prosequi of certain charges against the defendant. Our Court held that private counsel, by assisting in a criminal prosecution, did not attain the status equivalent to that of a district attorney and, there-

---

**10.** The court did not consider the issue because it had not been briefed by either party.

fore, had no standing to bring the appeal. The court declared:

> ... private counsel in these cases had no right or authority to represent the Commonwealth to the exclusion of the duly qualified district attorney. They were appointed to assist the district attorney in the trial of the cases but *the conduct of the trials and the taking of appeals, if any were deemed necessary remained with the district attorney.*

*Id.*, 159 Pa.Superior Ct. at 520, 49 A.2d at 189–190 (emphasis added); *see also, Commonwealth v. Peacock,* 118 Pa.Super. 168, 179 A. 907 (1935); 24 *C.J.S.* Criminal Law § 1658, p. 1027.

We note that several jurisdictions have addressed this issue and support the proposition that the victim, as a non-party to a criminal prosecution, lacks standing to appeal.

The United States Supreme Court in *Linda R.S. v. Richard D. & Texas, et al.,* 410 U.S. 614, 619, 93 S.Ct. 1146, 1149, 35 L.Ed.2d 536 (1973) (citations omitted) stated:

> ... The Court's prior decisions consistently hold that a citizen lacks standing to contest the policies of the prosecuting attorney when he himself is neither prosecuted nor threatened with prosecution ... in American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.

In a case procedurally similar to the one which now confronts our Court, the Massachusetts Supreme Court found that the victim/complainant lacked standing to appeal a judicial determination which forecloses further prosecution of that alleged crime. That court held, in *Manning v. Municipal Court,* 372 Mass. 315, 361 N.E.2d 1274 (1977):

> The victim of an alleged crime has no right to challenge a judicial determination which forecloses further prosecution of that alleged crime. Although a victim may seek a complaint against an alleged criminal, the prosecution of any complaint, once issued, is conducted in the interests of

the Commonwealth and not on behalf of the alleged victim. Thus, if a judge declines to issue a complaint, determines that there is no probable cause, or finds a defendant not guilty, the complainant has no constitutional right to challenge that determination.

*Wharton's Criminal Procedure,* 12th Edition, Vol. IV, 6637, p. 321, states the fundamental rule which the above authorities rely on in denying a victim standing to appeal, "the right of appeal exists only by statute. Only a party to a criminal prosecution may appeal; since a witness is not a party, he has no standing to appeal." *See also,* 24 *C.J.S.* Criminal Law § 1658, p. 1027.

 The above discussion clearly illustrates that the state, represented by the District Attorney, is the party plaintiff in a criminal prosecution; the victim/complainant is not considered a party to the proceeding. The victim acts only as a prosecuting witness.[11] *Compare, Commonwealth v. Hayes, In re Petition of Pittsburgh Press,* 489 Pa. 419, 414 A.2d 318, cert. denied, 449 U.S. 992, 101 S.Ct. 528, 66 L.Ed.2d 289 (1980) (victim/complainant was allowed as a party in a criminal prosecution only after the lower court granted his petition to intervene as such). Since appellant, as victim or witness, lacks "party" status in this criminal prosecution, he has no standing to appeal and therefore, this appeal must be quashed.[12]

Appeal quashed.

11. A prosecuting witness has been defined as:
 The private person upon whose complaint or information a criminal prosecution is founded and whose testimony is mainly relied on to secure a conviction at the trial. In a more particular sense, the person who was chiefly injured, in person or property, by the act constituting the alleged crime, ... and who instigates the prosecution and gives evidence.
 *Black's Law Dictionary,* West Publishing Co., Fifth Edition, p. 1099 (1979).

12. Even if we were to assume that appellant had standing to appeal, we agree with the lower court's opinion that the complaints were properly dismissed for the prosecution's failure to establish a prima facie case.