**Craig MURPHY, Appellant**

v.

**CITY OF DUQUESNE, City of Duquesne Police Department and Richard Adams and Richard S. Adams and Daniel C. Theim.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 10, 2006.

Decided May 5, 2006.

Craig Murphy, appellant, pro se.

Stephen J. Poljak, Pittsburgh, for appellees.

BEFORE: McGINLEY, Judge, and COHN JUBELIRER, Judge, and LEAVITT, Judge.

OPINION BY Judge LEAVITT.

Craig Murphy appeals an order of the Court of Common Pleas of Allegheny County (trial court) dismissing his tort claim against the City of Duquesne Police Department, Chief of Police Richard Adams, Lieutenant Richard Scott Adams and Officer Daniel C. Theim (collectively Duquesne). The trial court granted summary judgment to Duquesne because it concluded that there is no cognizable cause of action for holding a municipality and its individual police officers liable in damages where they do not investigate and prosecute criminal activity with the degree of zeal satisfactory to plaintiff. Finding no error, we affirm.

Murphy's *pro se* complaint presents a single-count claim in negligence and is based upon two incidents. According to the facts as pled, the first incident occurred on April 3, 2002, when Murphy informed the police department that he had been robbed at gunpoint. The next day, Murphy went to the police station where he identified the suspect from photographs. Two days later, Officer Theim notified Murphy that it had recovered some of the stolen property along with the firearm believed to have been used in the crime. Murphy identified the stolen property and the weapon. Although Officer Theim informed Murphy that an attempt had been made to arrest the suspect, it did not happen. The second incident occurred on November 9, 2002, when Murphy notified the police department that a bullet had been shot through the window of his home. The bullet was retrieved and identified by Officer Legan as a nine-millimeter bullet. Lieutenant Adams informed Murphy that the police knew who had fired the shot. However, as with the first incident, no attempt was made to arrest this suspect.

In response to Murphy's complaint, Duquesne filed an answer with new matter, denying the above-recited allegations. Duquesne specifically denied that it had failed to arrest the suspect in the April 3, 2002, robbery, and denied that the individual who fired into Murphy's home had been identified.

After filing its answer, Duquesne deposed Murphy, during which he admitted that the suspect in the April 3, 2002, robbery had been arrested and tried. During the trial, the defendant fled the courthouse but was captured, incarcerated and eventually pled guilty to the robbery. At the time of Murphy's deposition on October 25, 2004, this individual was still incarcerated. Murphy also admitted in the deposition that after the November 9, 2002, shooting incident, police officers did a prompt investigation and advised Murphy of their findings: *i.e.*, the bullet was fired in an incident unrelated to Murphy. Specifically, they concluded the bullet that went through Murphy's window was simply the

result of poor aim by an unidentified individual.

Thereafter, Duquesne filed a motion for summary judgment, asserting that the evidence did not show that Duquesne failed to do its job. Even so, Duquesne argued that Murphy failed to state a cause of action that fell within one of the exceptions to governmental immunity in the statute popularly called the Political Subdivision Tort Claims Act [1] (Tort Claims Act). Argument on the motion for summary judgment was heard on June 9, 2005, but Murphy did not appear. The trial court granted summary judgment dismissing Murphy's complaint with prejudice.[2] This appeal followed.[3]

On appeal,[4] Murphy presents three issues, which are reordered for this analysis. First, Murphy contends that the trial court erred in dismissing his complaint in light of the admissions of willful misconduct made by police officers. Second, he contends that the trial court erred in its application of the Tort Claims Act. Third, Murphy contends that the trial court abused its discretion by dismissing his complaint.

■ We consider, first, Murphy's contention that Duquesne failed to deny specific averments of police misconduct, which the trial court then failed to recognize as binding admissions. In support, Murphy directs this Court to *First Wisconsin Trust Company v. Strausser,* 439 Pa.Super. 192, 653 A.2d 688 (1995), a mortgage foreclosure case holding that general denials in an answer may be considered an admission of those facts. As a mortgage foreclosure case, *Strausser* is inapplicable here, where we consider a claim for tort damages. Even assuming, *arguendo,* that Duquesne's denials were general, not specific, they were nevertheless satisfactory. General denials in an answer to a tort complaint satisfy the Pennsylvania Rules of Civil Procedure and will not be deemed admissions, except under certain exceptions not applicable here. Pa.R.C.P. No. 1029(e).[5] Murphy's argument lacks any merit.

---

1. 42 Pa.C.S. §§ 8541–8542.

2. Murphy never made any filing with the trial court to explain his failure to appear at the argument nor did he request reconsideration.

3. On July 11, 2005, Murphy filed a notice of appeal to the Superior Court from the trial court's June 9, 2005, order. On July 13, 2005, the Superior Court returned Murphy's notice of appeal since he had failed to indicate that the notice had been served on the trial judge and the court reporter. On July 29, 2005, Plaintiff filed an amended certificate of service and his appeal was returned to the Superior Court. On September 22, 2005, the Superior Court issued an order transferring Murphy's appeal to the Commonwealth Court pursuant to 42 Pa.C.S. § 762.

4. Our scope of review of a trial court's order granting or denying summary judgment is *de novo.* Summary judgment is only appropriate when, after examining the record in the light most favorable to the non-moving party, there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. *Green Valley Dry Cleaners, Inc. v. Westmoreland County Industrial Development Corporation,* 832 A.2d 1143, 1150 n. 5 (Pa.Cmwlth.2003).

5. It states in relevant part:

(e) In an action seeking monetary relief for bodily injury, death or property damage, *averments in a pleading to which a responsive pleading is required may be denied generally except the following averments of fact which must be denied specifically:*

(1) averments relating to the identity of the person by whom a material act was committed, the agency or employment of such person and the ownership, possession or control of the property or instrumentality involved;

(2) if a pleading seeks additional relief, averments in support of such other relief; and

(3) averments in preliminary objections.

Pa. R.C.P. 1029(e) (emphasis added).

■ Murphy's second issue is equally meritless. Murphy contends that governmental immunity cannot protect police officers who "willfully and maliciously allowed dangerous criminals to commit assault, and shootings that almost murdered appellant." Appellant's Brief at 10. Murphy argues from the premise that the police intended to cause Murphy emotional distress. The record, however, does not support this claim; it contradicts it.

■ To maintain a negligence action against a local agency or its employees, the plaintiff must establish a common law, or statutory, cause of action against the agency or employee.[6] The necessary elements of any negligence claim are: (1) a duty owed by defendant to plaintiff; (2) a failure by defendant to conform his conduct to the standard of care required; (3) a causal connection between the conduct and the resulting injury; and (4) actual loss or damage by plaintiff. *Morena v. South Hills Health System,* 501 Pa. 634, 642 n. 5, 462 A.2d 680, 684 n. 5 (1983). Duty, in any given situation, is predicated on the relationship existing between the parties at the relevant time. *Dumanski v. City of Erie,* 348 Pa. 505, 507, 34 A.2d 508, 509 (1943). Murphy cannot satisfy the first element of this time-honored requirement for a tort claim.

■ Duquesne owed no duty to Murphy. "Our Courts have been reluctant to impose a general duty of care upon government employees to specific persons where the alleged duty is simply the protection of the public at large—*i.e.,* society—from third-party criminal acts." *Moore v. Commonwealth, Department of Justice,* 114 Pa.Cmwlth. 56, 538 A.2d 111, 116 (1988). There is generally "no duty resting on a municipality or other governmental body to provide police protection to any particular person." *Melendez v. City of Philadelphia,* 320 Pa.Super. 59, 466 A.2d 1060, 1063 (1983). "[A]n individual's injury resulting from a police officer's failure to prevent or ameliorate a crime must be redressed through public prosecution, and not in a private suit for monetary damages." *Morris v. Musser,* 84 Pa. Cmwlth. 170, 478 A.2d 937, 939 (1984) (citation omitted).[7]

In any case, Murphy's claim that Duquesne failed to investigate the robbery and shooting are refuted by Murphy's own admissions. The robbery suspect was arrested within days of the robbery; the

---

**6.** Section 8542(a) of the Tort Claims Act provides:

(a) Liability imposed.—A local agency shall be liable for damages on account of an injury to a person or property within the limits set forth in this subchapter if both of the following conditions are satisfied and the injury occurs as a result of one of the acts set forth in subsection (b):

(1) The damages would be recoverable under common law or a statute creating a cause of action if the injury were caused by a person not having available a defense under section 8541 (relating to governmental immunity generally) or section 8546 (relating to defense of official immunity); and

(2) The injury was caused by the negligent acts of the local agency or an employee thereof acting within the scope of his office

or duties with respect to one of the categories listed in subsection (b). As used in this paragraph, "negligent acts" shall not include acts or conduct which constitutes a crime, actual fraud, actual malice or willful misconduct.

42 Pa.C.S. § 8542(a).

**7.** A very narrow exception to this rule exists if there is a special relationship between the police and the crime victim; for example, a special duty arises when the police expressly promise to protect specific individuals from precise harm. *Morris,* 478 A.2d at 940. Murphy does not raise the special exception. Further, the facts pled in the complaint do not allege that the Duquesne police department offered him special protection as a witness or otherwise.

stolen items were returned to Murphy; and, at the time of Murphy's deposition, the convicted thief was still incarcerated. In addition, Murphy agreed in his deposition that the police investigation determined that the bullet that went through Murphy's window was the result of a shooting by an unknown individual trying to shoot a person on the street but, instead, hitting Murphy's window. The investigation was not successful in determining the shooter's identity. As such, there was no one to arrest and prosecute.

Murphy's final issue is that the trial court abused its discretion by dismissing his suit. He offers no legal authority or even argument in support of this contention. The dismissal of Murphy's suit by the trial court was proper where, as here, a baseless suit was presented. Indeed, it was appropriate to "prejudice" Murphy in this regard; he had no right to pursue this frivolous action.

Legal impediments older and more fundamental than the Tort Claims Act stand in the way of Murphy's action against Duquesne. It is well settled that a crime is an offense against the sovereign. It injures not just the victim but the public at large and is punished by way of a judicial proceeding in the Commonwealth's name. *Commonwealth v. Malloy*, 304 Pa.Super. 297, 450 A.2d 689, 691 (1982). Prosecutions do not settle private grievances but, rather, rectify the injury done to the Commonwealth. The only recourse of one, such as Murphy, who has been the victim of the crime is to pursue the perpetrator, not Duquesne, in a civil action. In no case does a victim's recourse extend to compelling the Commonwealth to prosecute, or even investigate a crime. *See Hutchinson v. Merchants' and Mechanics' Bank of Wheeling*, 41 Pa. 42 (1861) (explaining the difference between a private lawsuit and public prosecution). It is for the criminal prosecutor, not the private citizen, to control enforcement of our criminal statutes. *Malloy*, 450 A.2d at 691–692.

The trial court's grant of summary judgment is affirmed.

## ORDER

AND NOW, this 5th day of May, 2006, the order of the Court of Common Pleas of Allegheny County dated June 9, 2005, in the above captioned matter is hereby affirmed.