J-A28002-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE: VIRGINIA OBENSKI, | : | IN THE SUPERIOR COURT OF |
| PRIVATE CRIMINAL COMPLAINT | : | PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| APPEAL OF: VIRGINIA OBENSKI | : | No. 709 EDA 2017 |

Appeal from the Order February 3, 2017
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-MD-0000210-2017

BEFORE: GANTMAN, P.J., PANELLA, J., and DUBOW, J.

MEMORANDUM BY GANTMAN, P.J.:      **FILED DECEMBER 22, 2017**

Appellant, Virginia Obenski, appeals *pro se* from the order entered in the Montgomery County Court of Common Pleas, which denied Appellant's petition for approval of her private criminal complaint. We affirm.

The relevant facts and procedural history of this case are as follows. Appellant left her automobile at Meenan Transmission for service on May 4, 2012. Subsequently, Appellant and Steven Meenan, the proprietor, disputed whether she had authorized the repairs made and whether Mr. Meenan must release the car to Appellant. Appellant filed a civil suit when the parties could not resolve their disagreement. Appellant's civil suit was ultimately unsuccessful.

On October 17, 2016, Appellant filed a private criminal complaint ("PCC") against Mr. Meenan, charging him with theft by unlawful taking, receiving stolen property, and unauthorized use of an automobile. Following

review, the office of the district attorney informed Appellant on October 26, 2017, that it would not initiate criminal charges against Mr. Meenan on the grounds alleged. The reasons for disapproval were insufficient corroboration, insufficient evidence, insufficient probable cause, lack of prosecutorial merit, and pursuit of the complaint would not serve the interest of justice.

Appellant filed a petition for review of the PCC in the Court of Common Pleas on January 13, 2017. On February 1, 2017, the court held a hearing; it denied Appellant's petition for review on February 3, 2017. Appellant timely filed a *pro se* notice of appeal on February 22, 2017. The court did not order a concise statement of errors complained of on appeal, per Pa.R.A.P. 1925(b), and Appellant filed none.

Appellant raises one issue:

> WHETHER THE [TRIAL] COURT PROPERLY DISMISSED APPELLANT'S PETITION TO REVIEW PRIVATE CRIMINAL COMPLAINT[?]

(Appellant's Brief at 7).

As best we can determine, Appellant argues the evidence she presented in her PCC required the district attorney to initiate criminal charges against Steven Meenan, as she requested. Specifically, Appellant complains her case is more than just a civil contract dispute; it is a criminal case worthy of prosecution. Appellant claims she properly alleged charges against Mr. Meenan of theft by unlawful taking, receiving stolen property, and unauthorized use of an automobile. Appellant submits she averred sufficient

facts to support the charges, challenges the level of the district attorney's investigation, and disagrees with the district attorney's decision not to prosecute. Appellant concludes we should reverse the trial court's denial of Appellant's petition for approval of her private criminal complaint. We disagree.

Appellate examination of a trial court's review of a district attorney's decision to disapprove a private criminal complaint is as follows:

> [W]hen the district attorney disapproves a private criminal complaint solely on the basis of legal conclusions, the trial court undertakes *de novo* review of the matter. Thereafter, the appellate court will review the trial court's decision for an error of law. As with all questions of law, the appellate standard of review is *de novo* and the appellate scope of review is plenary.
>
> *   *   *
>
> [W]hen the district attorney disapproves a private criminal complaint on wholly policy considerations, or on a hybrid of legal and policy considerations, the trial court's standard of review of the district attorney's decision is abuse of discretion. This deferential standard recognizes the limitations on judicial power to interfere with the district attorney's discretion in these kinds of decisions.

*In re Ullman*, 995 A.2d 1207, 1213 (Pa.Super. 2010), *appeal denied*, 610 Pa. 600, 20 A.3d 489 (2011) (quoting *In re Private Criminal Complaint of Wilson*, 879 A.2d 199, 214-15 (Pa.Super. 2005) (*en banc*) (internal citations omitted)). Further:

> The district attorney's decision not to prosecute a private criminal complaint for reasons including policy matters carries a presumption of good faith and soundness. The complainant must create a record that demonstrates the

contrary. Thus, the appropriate scope of review in policy-declination cases is limited to whether the trial court misapprehended or misinterpreted the district attorney's decision and/or, without legitimate basis in the record, substituted its own judgment for that of the district attorney. We will not disturb the trial court's decision unless the record contains no reasonable grounds for the court's decision, or the court relied on rules of law that were palpably wrong or inapplicable. Otherwise, the trial court's decision must stand, even if the appellate court would be inclined to decide the case differently.

*Id.* at 215 (internal citations omitted).

> "A private criminal complaint must at the outset set forth a *prima facie* case of criminal conduct." **In re Ullman, supra** at 1213. Nevertheless, "a well-crafted private criminal complaint cannot be the end of the inquiry for the prosecutor." **Id.** (quoting **In re Private Criminal Complaint of Adams**, 764 A.2d 577, 580 (Pa.Super. 2000)). The district attorney must investigate the allegations of a properly drafted complaint to permit a proper decision on whether to approve or disapprove the complaint. **In re Ullman, supra** at 1213. "[S]uch investigation is not necessary where the allegations of criminal conduct in the complaint are unsupported by factual averments." **Id.** (quoting **Commonwealth v. Muroski**, 506 A.2d 1312, 1317 (Pa.Super. 1986) (*en banc*)). Both the district attorney and the trial court have a responsibility to prevent the misuse of judicial and prosecutorial resources in the pursuit of futile prosecutions." **In re Ullman, supra** at 1213.

Moreover,

> [E]ven if the facts recited in the complaint make out a *prima facie* case, the district attorney cannot blindly bring charges, particularly where an investigation may cause him to question their validity. Forcing the prosecutor to bring charges in every instance where a complaint sets out a *prima facie* case would compel the district attorney to bring cases he suspects, or has concluded *via* investigation, are meritless. The public prosecutor is duty bound to bring only those cases

- 4 -

that are appropriate for prosecution. This duty continues throughout a criminal proceeding and obligates the district attorney to withdraw charges when he concludes, after investigation, that the prosecution lacks a legal basis.

*In re Miles*, 170 A.3d 530, 535 (Pa.Super. 2017) (quoting *In re Private Criminal Complaint of Wilson, supra* at 212).

The district attorney is permitted to exercise sound discretion to refrain from proceeding in a criminal case whenever he, in good faith, thinks that the prosecution would not serve the best interests of the state. This decision not to prosecute may be implemented by the district attorney's refusal to approve the private criminal complaint at the outset.

*In re Ullman, supra* at 1214 (quoting *Commonwealth v. Malloy*, 450 A.2d 689, 692 (Pa.Super. 1982)).

Rule 506 of the Pennsylvania Rules of Criminal Procedure governs private criminal complaints as follows:

**Rule 506. Approval of Private Complaints**

(A) When the affiant is not a law enforcement officer, the complaint shall be submitted to an attorney for the Commonwealth, who shall approve or disapprove it without unreasonable delay.

(B) If the attorney for the Commonwealth:

(1) approves the complaint, the attorney shall indicate this decision on the complaint form and transmit it to the issuing authority;

(2) disapproves the complaint, the attorney shall state the reasons on the complaint form and return it to the affiant. Thereafter, the affiant may petition the court of common pleas for review of the decision.

\*    \*    \*

Pa.R.Crim.P. 506. If the district attorney disapproves a private criminal complaint, the complainant can petition the Court of Common Pleas for a Rule 506 review. *In re Private Complaint of Adams, supra* at 579.

> The private criminal complainant has the burden to prove the district attorney abused his discretion, and that burden is a heavy one. In the Rule 506 petition for review, the private criminal complainant must demonstrate the district attorney's decision amounted to bad faith, fraud or unconstitutionality. The complainant must do more than merely assert the district attorney's decision is flawed in these regards. The complainant must show the facts of the case lead only to the conclusion that the district attorney's decision was patently discriminatory, arbitrary or pretextual, and therefore not in the public interest. In the absence of such evidence, the trial court cannot presume to supervise the district attorney's exercise of prosecutorial discretion, and should leave the district attorney's decision undisturbed.

> Thereafter, the appellate court will review the trial court's decision for an abuse of discretion, in keeping with settled principles of appellate review of discretionary matters.

*In re Private Criminal Complaint of Wilson, supra* at 215.

> The trial court must first correctly identify the nature of the district attorney's reason(s) for denying a private criminal complaint. Although a district attorney's legal evaluation of the evidence standing alone is subject to *de novo* review, there is no simple formula for the trial court to determine what constitutes an abuse of prosecutorial discretion.

> Everything will depend on the particular facts of the case and the district attorney's articulated reasons for acting, or failing to act, in the particular circumstances. For example, a court [might] find [an abuse] of discretion in a district attorney's pattern of discriminatory prosecution, or in retaliatory prosecutions based on [the district attorney's] personal or other impermissible motives. Similarly, a

district attorney [might] be found to have…abused his discretion for his blanket refusal to prosecute for violations of a particular statute or for refusing to prosecute solely because the accused is a public official.

Under Rule 506 and settled case law, the private criminal complainant has no right to an evidentiary hearing in connection with the trial court's review of the district attorney's decision to disapprove the private criminal complaint. Rule 506 merely allows the private criminal complainant the opportunity to have his complaint reviewed in the Court of Common Pleas, following the district attorney's adverse decision.

*Id.* at 212-13 (internal citations omitted).

Instantly, the trial court reasoned:

[T]he court agrees with the Assistant District Attorney's statement that [Appellant] is attempting to use the criminal process for a civil matter. Therefore, the District Attorney Office did not abuse its discretion when it declined to approve the [PCC]. This conclusion is further supported by the reasons stated by Assistant District Attorney…, which are set forth in pages 15 through 25 of the transcript of testimony dated February 1, 2017.

(Trial Court Opinion at 1-2). The district attorney's reasons for disapproving the PCC were insufficient corroboration, insufficient evidence, insufficient probable cause, lack of prosecutorial merit, and pursuit of the PCC would not serve the interest of justice. Essentially, the district attorney concluded that Appellant was trying to use the criminal courts to resolve a private civil dispute. The district attorney's decision was a hybrid of legal and policy considerations. *See In re Private Criminal Complaint of Wilson, supra*. Therefore, the trial court's proper standard of review was an abuse of discretion. *See id.* Our appropriate standard of review of the trial court's

decision is likewise an abuse of discretion. *Id.* After an independent review of the certified record, we see no error in the trial court's decision to deny Appellant relief on her petition for approval of her PCC. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/22/2017