J-A11027-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| IN RE: MICHAEL F. KISSELL | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| APPEAL OF: MICHAEL F. KISSELL | : | No. 1312 WDA 2020 |

Appeal from the Order Entered October 28, 2020
In the Court of Common Pleas of Westmoreland County
Criminal Division at No(s):  CP-65-MD-0000577-2020

BEFORE:  McLAUGHLIN, J., KING, J., and McCAFFERY, J.

MEMORANDUM BY KING, J.:                    **FILED: JUNE 28, 2021**

Appellant, Michael F. Kissell, appeals *pro se* from the order entered in the Westmoreland County Court of Common Pleas, denying Appellant's petition for approval of his private criminal complaint ("PCC").  We affirm.

The relevant facts and procedural history of this case are as follows.  On July 6, 2020, Appellant filed a PCC alleging that his former attorney, Christopher P. Skatell, committed various crimes during a period in which Attorney Skatell failed to adequately represent Appellant.  Specifically, Appellant claimed that Attorney Skatell committed theft with intent to defraud; false representation in billing; and theft of more than $30,000.00. The district attorney disapproved the PCC on August 12, 2020, finding that it lacked prosecutorial merit and the prosecution could not prove the case beyond a reasonable doubt.  On August 21, 2020, Appellant filed a petition

for review of the prosecutor's disapproval of his PCC. The court denied and dismissed Appellant's petition for review on October 28, 2020. Appellant timely filed a notice of appeal on November 19, 2020. On December 4, 2020, the court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, and Appellant timely complied.

Appellant raises the following issues for our review:

Whether Mr. Skatell's dishonesty caused the dismissal of a Pension Hearing. Mr. Skatell failed to present witnesses involving the [m]isappropriation of Government funds of a jury award for back-pay that was done to avoid proper reporting and withholding procedures to the Internal Revenue Service.

Whether Mr. Skatell violated his attorney client relationship by failing to present documentation from Appellant's [t]ax [a]ttorney involving a 7[-]year concealed overpayment that was [n]ot supported by any proof.

Whether Mr. Skatell knowingly kept the [d]isbarment of Appellant's past attorney Leonard Sweeney and the involvement of the Office of the Attorney General Rodney Torbic from the Pension Examiner by failing to present evidence in his possession and making no response to the [h]earing examiner recommendation while aiding in the delay of a decision.

Whether Mr. Skatell had a scheme to enrich himself due to the involvement of the Deputy Attorney General Rodney Torbic.

Whether the actions of Mr. Skatell aided the respondents in delays cover-up and concealment of declared checks issued in [A]ppellant's name and cashed out of state some with no proof or verification involving W-4 tax requirements.

Whether Mr. Skatell aided by his failures to conceal a[n] unproven overpayment and criminal acts by the [d]isbarred Attorney Leonard Sweeney's past legal representation of

- 2 -

Appellant and or collusion of [p]ast counsel Leonard Sweeney and opposing counsel Rodney Torbic Deputy Attorney General who gave several checks inappropriately issued in [A]ppellant[']s name forged and cashed in the state of Ohio. To avoid proper withholding of taxes and associated benefits per W-4 reporting procedures bank fraud and tax fraud.

Whether Mr. Skatell actually discussed the matter with [t]ax [a]ttorney and the alleged actual concealment of an overpayment finally alleged proven December 8, 2020 by the IRS 15 years later.

Whether Mr. Skatell misrepresented Appellant by failing to [file a petition for] *writ of certiorari* for the Re-opening of a Title VII and 1983 Civil Right claim filed *Pro Se* in Summerset Pa. by Appellant.

Whether Mr. Skatell mislead [A]ppellant by billing invoices to present the appearance of the filing of a petition for a *writ of certiorari*.

Whether Mr. Skatell enriched himself by filing a bogus Title V[II] case in Pittsburg[h] Pa. [k]nowing it would be [e]asily [d]ismissed by the office of the Attorney General by *Res Judicata* while billing Appellant profusely for the Title VII case. Magnifying his profits presenting he was interviewing witnesses and the evidence of many documents given to him Mr. Skatell has been paid up front $31,000 dollars and has billed in excess of $50,000 dollars. These invoices were shared as evidence to the [trial] court along with e-mails of Mr. Skatell.

Whether Mr. Skatell aided by his failures to conceal an unproven overpayment and criminal acts by the [d]isbarred Attorney Leonard Sweeney's past legal representation of Appellant or collusion of [p]ast counsel Leonard Sweeney and opposing counsel Rodney Torbic Deputy Attorney General who gave several checks inappropriately issued in Appellant's name forged and cashed in the state of Ohio. To avoid proper withholding of taxes and associated benefits per W-4 reporting procedures [bank fraud] and [tax fraud].

Whether Mr. Skatell actually discussed the matter with [t]ax

[a]ttorney and the alleged actual concealment of a[n] overpayment finally proven on December 8, 2020.

(Appellant's Brief at 2-5).

Preliminarily, we observe that appellate briefs must conform in all material respects to the briefing requirements set forth in the Pennsylvania Rules of Appellate Procedure. Pa.R.A.P. 2101. **See also** Pa.R.A.P. 2114-2119 (addressing specific requirements of each subsection of brief on appeal). Regarding the argument section of an appellate brief, Rule 2119(a) provides:

> **Rule 2119. Argument**
>
> **(a) General rule**.—The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part—in distinctive type or in type distinctively displayed—the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent.

Pa.R.A.P. 2119(a). "[I]t is an appellant's duty to present arguments that are sufficiently developed for our review. The brief must support the claims with pertinent discussion, with references to the record and with citations to legal authorities." **Commonwealth v. Hardy**, 918 A.2d 766, 771 (Pa.Super. 2007), *appeal denied*, 596 Pa. 703, 940 A.2d 362 (2008) (internal citations omitted). "This Court will not act as counsel and will not develop arguments on behalf of an appellant." **Id.** If a deficient brief hinders this Court's ability to address any issue on review, we shall consider the issue waived. **Commonwealth v. Gould**, 912 A.2d 869, 873 (Pa.Super. 2006) (holding appellant waived issue on appeal where he failed to support claim with

relevant citations to case law and record). *See also In re R.D.*, 44 A.3d 657 (Pa.Super. 2012), *appeal denied*, 618 Pa. 677, 56 A.3d 398 (2012) (holding appellant waived issue, where argument portion of appellant's brief lacked meaningful discussion of, or citation to, relevant legal authority regarding issue generally or specifically; appellant's lack of analysis precluded meaningful appellate review). Additionally, although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant. *Commonwealth v. Lyons*, 833 A.2d 245 (Pa.Super. 2003), *appeal denied*, 583 Pa. 695, 879 A.2d 782 (2005).

Instantly, Appellant raises twelve issues in his statement of questions presented. Nevertheless, Appellant fails to provide any cogent arguments concerning any of these issues. *See* Pa.R.A.P. 2119(a). Rather, Appellant makes conclusory statements without any citations to case law or evidence to substantiate his allegations. Appellant's failure to adequately develop his issues on appeal prevents meaningful review and constitutes waiver of his claims. *See Hardy, supra*; *Gould, supra*.

Moreover, even if Appellant properly preserved his issues on appeal, he would not be entitled to relief. As best we can determine, Appellant argues the evidence that he presented in his PCC required the district attorney to initiate criminal charges against Attorney Skatell. Specifically, Appellant complains his case is more than just a civil contract dispute; it is a criminal case worthy of prosecution. Appellant claims he properly alleged charges

against Attorney Skatell of theft by unlawful taking, receiving stolen property, and tax and bank fraud. Appellant disputes the district attorney's investigation into Attorney Skatell's alleged crimes, and its conclusion that insufficient evidence exists to pursue criminal charges. Appellant concludes the trial court improperly denied his petition for approval of the PCC, and this Court must reverse. We disagree.

Our examination of a trial court's review of a district attorney's decision to disapprove a PCC implicates the following principles:

> [W]hen the district attorney disapproves a [PCC] solely on the basis of legal conclusions, the trial court undertakes *de novo* review of the matter. Thereafter, the appellate court will review the trial court's decision for an error of law. As with all questions of law, the appellate standard of review is *de novo* and the appellate scope of review is plenary.
>
> When the district attorney disapproves a [PCC] on wholly policy considerations, or on a hybrid of legal and policy considerations, the trial court's standard of review of the district attorney's decision is abuse of discretion. This deferential standard of review recognizes the limitations on judicial power to interfere with the district attorney's discretion in these kinds of decisions.

*In re Ullman*, 995 A.2d 1207, 1213 (Pa.Super. 2010), *appeal denied*, 610 Pa. 600, 20 A.3d 489 (2011) (quoting *In re Private Criminal Complaint of Wilson*, 879 A.2d 199, 214 (Pa.Super. 2005) (*en banc*)).

"A [PCC] must at the outset set forth a *prima facie* case of criminal conduct." *In re Ullman, supra* at 1213.

> Nevertheless, even a well-crafted [PCC] cannot be the end of the inquiry for the prosecutor. The district attorney must investigate the allegations of the complaint to permit a

proper decision whether to approve or disapprove the complaint. [S]uch investigation is not necessary where the allegations of criminal conduct in the complaint are unsupported by factual averments. Both the district attorney and the trial court have a responsibility to prevent the misuse of judicial and prosecutorial resources in the pursuit of futile prosecutions.

Moreover,

[E]ven if the facts recited in the complaint make out a *prima facie* case, the district attorney cannot blindly bring charges, particularly where an investigation may cause him to question their validity. Forcing the prosecutor to bring charges in every instance where a complaint sets out a *prima facie* case would compel the district attorney to bring cases he suspects, or has concluded via investigation, are meritless. The public prosecutor is duty bound to bring only those cases that are appropriate for prosecution. This duty continues throughout a criminal proceeding and obligates the district attorney to withdraw charges when he concludes, after investigation, that the prosecution lacks a legal basis.

*In re Miles*, 170 A.3d 530, 535 (Pa.Super. 2017) (internal citations omitted).

Further:

The district attorney is permitted to exercise sound discretion to refrain from proceeding in a criminal case whenever he, in good faith, thinks that the prosecution would not serve the best interests of the state. This decision not to prosecute may be implemented by the district attorney's refusal to approve the [PCC] at the outset.

When the district attorney disapproves a [PCC], based on the sufficiency of the evidence necessary to establish the elements of the crime charged, that decision is a legal conclusion subject to *de novo* review.

*In re Ullman, supra* at 1214 (quoting *Commonwealth v. Malloy*, 450 A.2d

689, 692 (Pa.Super. 1982)).

Pennsylvania Rule of Criminal Procedure 506 governs the approval of a PCC as follows:

**Rule 506.  Approval of Private Complaints**

(A)    When the affiant is not a law enforcement officer, the complaint shall be submitted to an attorney for the Commonwealth, who shall approve or disapprove it without unreasonable delay.

(B)    If the attorney for the Commonwealth:

(1)    approves the complaint, the attorney shall indicate this decision on the complaint form and transmit it to the issuing authority;

(2)    disapproves the complaint, the attorney shall state the reasons on the complaint form and return it to the affiant.  Thereafter, the affiant may petition the court of common pleas for review of the decision.

*    *    *

Pa.R.Crim.P. 506.  If the district attorney disapproves a PCC, the complainant can petition the Court of Common Pleas for a Rule 506 review.  ***In re Private Complaint of Adams***, 764 A.2d 577, 580 n.4 (Pa.Super. 2000).

The private criminal complainant has the burden to prove the district attorney abused his discretion, and that burden is a heavy one.  In the Rule 506 petition for review, the private criminal complainant must demonstrate the district attorney's decision amounted to bad faith, fraud or unconstitutionality.  The complainant must do more than merely assert the district attorney's decision is flawed in these regards.  The complainant must show the facts of the case lead only to the conclusion that the district attorney's decision was patently discriminatory, arbitrary or pretextual, and therefore not in the public interest.  In the absence of such evidence, the trial court cannot presume to supervise the district attorney's exercise of prosecutorial discretion, and should leave the district attorney's decision

- 8 -

undisturbed.

***In re Private Criminal Complaint of Wilson, supra*** at 215.

> The trial court must first correctly identify the nature of the district attorney's reason(s) for denying a private criminal complaint. Although a district attorney's legal evaluation of the evidence standing alone is subject to *de novo* review, there is no simple formula for the trial court to determine what constitutes an abuse of prosecutorial discretion.
>
> Everything will depend on the particular facts of the case and the district attorney's articulated reasons for acting, or failing to act, in the particular circumstances. For example, a court [might] find [an abuse] of discretion in a district attorney's pattern of discriminatory prosecution, or in retaliatory prosecutions based on [the district attorney's] personal or other impermissible motives. Similarly, a district attorney [might] be found to have...abused his discretion for his blanket refusal to prosecute for violations of a particular statute or for refusing to prosecute solely because the accused is a public official.
>
> Under Rule 506 and settled case law, the private criminal complainant has no right to an evidentiary hearing in connection with the trial court's review of the district attorney's decision to disapprove the [PCC]. Rule 506 merely allows the private criminal complainant the opportunity to have his complaint reviewed in the Court of Common Pleas, following the district attorney's adverse decision.

***Id.*** at 212–13 (internal citations omitted).

Instantly, Appellant's PCC is largely based on his own uncorroborated assertions against Attorney Skatell. The district attorney's reasons for disapproving the PCC were insufficient evidence, insufficient probable cause, and lack of prosecutorial merit. Essentially, Appellant's PCC stated that he requested Attorney Skatell to file a *writ of certiorari* to the United States

Supreme Court, and to represent him before the Pension Board. (*See* Appellee's Brief at 9). However, the district attorney noted that Attorney Skatell disputed these allegations, and Attorney Skatell explained that Appellant failed to provide him with the necessary documents to pursue these actions. (*See id.*) The district attorney also indicated that Appellant failed to inform Attorney Skatell that a court had already dismissed his case, which precluded any additional filings. (*Id.*)

In denying Appellant's petition for approval of the PCC, the trial court explained:

> Upon an independent review of the complaint, all relevant material, and the applicable case law, it is the opinion of this [c]ourt that the allegations contained in the [PCC] lack merit and cannot be proven by the applicable standard of proof beyond a reasonable doubt. Despite the correspondence and invoices provided by [Appellant], the [c]ourt finds that the allegations contained in [Appellant]'s complaint are uncorroborated and fail to adequately allege facts and sufficient evidence to warrant approval of the [PCC].

(Trial Court Opinion, filed December 11, 2020, at 3) (internal citations omitted). On this record, we see no error in the trial court's decision to deny Appellant's requested relief. Accordingly, Appellant's issues are waived; and would merit no relief in any event. *See In re Ullman, supra*.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  6/28/2021