## McFeaters, etc., v. The Cooper-Bessemer Corp.

*Martin E. Cusick* and *M. B. Klinesmith*, for plaintiff.
*Milford L. McBride*, for defendant.

ROWLEY, P. J., June 29, 1944.—This matter is before the court on plaintiff's motion to take off a voluntary nonsuit.

On March 9, 1938, at the above number and term, plaintiff entered suit to recover freight charges for transportation of defendant's manufactured products from Grove City, Pa., to Mount Vernon, Ohio.

The case was listed for trial during the week of February 13, 1939. On February 10, 1939, upon motion by plaintiff, the court entered the following order:

"And now, this 10th day of February, 1939, it is ordered that a voluntary nonsuit without qualifications be entered in the above entitled case."

On July 6, 1943, plaintiff filed a petition averring, inter alia, that counsel who had moved for the nonsuit had been engaged in business in the City of Pittsburgh and had been unable to be present at the trial of the said case, and that counsel for defendant declined to consent to continuance of the case, wherefore plaintiff was obliged to suffer a nonsuit. The petition, further averring that a new action was barred by the statute of limitations, prayed the court to take off the voluntary nonsuit.

The principles of law and procedure regulating a compulsory nonsuit are rather clearly established. A compulsory nonsuit is the act of the court, presumably over plaintiff's objection. Normally, the order rests upon some lack in plaintiff's case. Express provision is made for a review by the court of its action in entering a compulsory nonsuit. It is the undeniable right of a plaintiff to move to take off a compulsory nonsuit and to appeal from an adverse decision upon his motion.

A voluntary nonsuit is the act of the plaintiff. The right of a plaintiff to have a voluntary nonsuit taken off is not defined by statute nor are there decisions which entirely clarify his status. It is commonly said that a plaintiff who includes in his motion for a nonsuit a request for leave to move to take it off is to be reinstated upon presenting sufficient reasons, but that a plaintiff who suffers a voluntary nonsuit without qualifications is out of court and there is no way provided

by law for his return except by bringing a new action: Troubat and Haly, Practice (6th ed.), p. 925.

Garrat v. Garrat, 4 Yeates 244, is authority for the right to have the nonsuit taken off where the motion included a request for leave to move to set aside the nonsuit.

In Koecker v. Koecker, 7 Phila. 371, the court removed a voluntary nonsuit on the ground of surprise. Plaintiff had included a request for leave to move to take off the nonsuit.

In the latter case the court declares that plaintiff must bring a new action unless he suffers the nonsuit with leave to move the court to take it off. That point was not before the court.

Justice von Moschzisker in his volume on Trial by Jury, p. 108, sec. 150, states there is less likelihood of its (voluntary nonsuit) removal by the trial court, unless, at the time of entry, leave is asked to subsequently move the court to take it off.

We have found no appellate decision where the court refused to take off the nonsuit because leave to move to remove it was not asked when the nonsuit was entered.

In Simpson v. Schmitt, 41 York 191, cited by defendant, the court declared that plaintiff had not made a showing sufficient to warrant removal if leave had been granted.

In Link v. Anselm, 37 Pa. C. C. 597, in the Court of Common Pleas of Allegheny County, a voluntary nonsuit was taken off, although plaintiff had not included a motion for leave to move to take it off.

There is something additional to be said for a plaintiff whose nonsuit includes leave to move to take it off. He acts with an implication from the court. Likewise, the request for leave to move to take it off may presently direct the attention of the court to incidents which may aid in ultimate disposition of the motion to remove the nonsuit.

Our impression is that one who reserves leave to move to take off a voluntary nonsuit is entitled to prevail upon a showing that appeals to the equitable discretion of the court; however, we are not prepared to say that a plaintiff who has suffered a voluntary nonsuit may not be heard on a motion to take it off unless he has expressly reserved the right to move to take it off: Murray et ux. v. Hoffman, 115 Pa. Superior Ct. 148.

Whether leave be obtained or not, plaintiff who seeks removal of a voluntary nonsuit has the burden of showing a situation which approaches a failure of justice unless the nonsuit be removed. The question presented is whether the interests of justice demand that plaintiff be offered another day in court. Courts exist to "minister justice to all persons", not to heedlessly apply technical rules.

But it is indispensable to the orderly administration of justice that litigation be subjected to a body of rules. It is necessary also that litigants and their counsel be warranted in relying upon such rules in determining their course of action with respect to litigation.

Only through definite, orderly, consistent administration can the court minister justice. A haphazard application of the principles of law and procedure would be equivalent to disposing of legal controversies by lot. The doctrine of stare decisis recognizes the necessity for orderly and consistent administration in accordance with established principles of law and procedure.

But the court is not without power to relieve an injustice that a rigid application of the rules of procedure would impose, for rules are designed to expedite the administration of justice, not to prevent it. The duty to minister justice to all persons implies such power. We cite hereinafter two instances where the Supreme Court of its own motion exercised this power.

In Corbin et al. v. George et al., 308 Pa. 201, the Supreme Court directed the lower court to remove a

voluntary nonsuit as to one of two defendants, judgment n. o. v. for the other defendant having been entered in the trial court and affirmed on appeal.

In Stone v. Philadelphia et al., 302 Pa. 340, 349, the Supreme Court granted leave to appellant to move the court below to take off a compulsory nonsuit as to one defendant, while reversing judgment as to the other defendant. The Supreme Court stated: "Otherwise plaintiff's rights are lost as the time within which he might commence another action has expired."

The discretionary power of the court to act to prevent injustice is ordinarily not involved in a motion to take off a compulsory nonsuit.

In such a proceeding the question is whether the court misapprehended or misapplied the law.

Upon a motion to remove a voluntary nonsuit the question is whether plaintiff presents a situation which impresses the discretion of the court as warranting exercise of an exceptional power.

" 'Judicial power, as contradistinguished from the power of the laws, has no existence. Courts are the mere instruments of the law, and can will nothing. When they are said to exercise a discretion, it is a mere legal discretion, a discretion to be exercised in discerning the course prescribed by law; and when that is discerned, it is the duty of the court to follow it. Judicial power is never exercised for the purpose of giving effect to the will of the Judge; always for the purpose of giving effect to the will of the Legislature; or in other words, to the will of the law.' Marshall, C. J., in Osborn v. U. S. Bank, 9 Wheaton 738, p. 866": Melnick v. Melnick et al., 147 Pa. Superior Ct. 564, 570.

The word "discretion" can be interpreted only to mean a discretion adhering to well-known and established principles of law, rather than an arbitrary, fanciful, or capricious one. It cannot be judicially interpreted to connote other than a discretion consistent with those immutable principles which govern the ad-

ministration of justice, that is, a discretion reasonably based upon the attendant pertinent circumstances from which its exercise arises; and which is the only range of discretion permissible to a judicial or quasi-judicial officer: Maloney v. Stahlnecker et al., 341 Pa. 517, 522.

Plaintiff avers that engagement of his counsel elsewhere and refusal of opposing counsel to consent to a continuance obliged him to suffer a voluntary nonsuit when the trial list was called. Defendant's answer implies that no request for continuance was addressed to defendant or its counsel. There was no motion for continuance. Had plaintiff applied to the court for continuance and had his application been refused, he would then have been in a more favorable position to ask for removal of the nonsuit.

If we could assume an exigency on February 10, 1939, which obliged plaintiff to suffer the nonsuit, we would be without warrant to ignore his delay of more than four years before moving to take off the nonsuit. The running of the statute of limitations against a new action is a circumstance in favor of removing a nonsuit, but in this instance there was ample time after entry of the nonsuit and within the statutory period to permit plaintiff to begin a new action. Plaintiff offers nothing in extenuation of the delay between February 10, 1939, and July 6, 1943. We are aware of no principle that would permit us to impose an injustice upon a defendant in order to relieve a plaintiff from a hardship for which the latter is alone responsible.

For these reasons we are constrained to discharge the rule.

### Order

And now, June 29, 1944, this matter came on for argument upon plaintiff's rule to show cause why the voluntary nonsuit suffered on February 10, 1939, should not be taken off, whereupon after due consideration it is ordered, adjudged, and decreed that the rule be discharged.