Duncan Meter Corporation *v.* Gritsavage, City Controller, Appellant.

Argued January 10, 1949. Before MAXEY, C. J., DREW, STERN, PATTERSON, STEARNE and JONES, JJ.

*Joseph F. Gallagher*, with him *Charles A. Shea, Jr., Neville B. Shea* and *Shea & Shea*, for appellant.

*Howard E. Kennedy*, with him *Bruno Kanjorski* and *Gallagher & Kennedy*, for appellee.

OPINION BY MR. JUSTICE DREW, April 18, 1949:

Plaintiff, Duncan Meter Corporation, filed a complaint in mandamus to compel Walter Gritsavage, Controller of the City of Nanticoke, Luzerne County, to countersign a voucher warrant drawn on the city treasury payable to plaintiff. Controller filed an answer containing new matter in justification of his refusal. Preliminary objections to this answer were sustained, and after argument, the writ prayed for issued. This appeal by the controller results from the issuance of that writ.

The pleadings disclose that on July 5, 1946, the Nanticoke City Council passed an ordinance authorizing the purchase of 225 parking meters and directing the advertising for bids for such meters. On the third, fifth, and eighth of July, 1946, advertisements were run soliciting bids for the installation of meters. Plaintiff, the sole bidder, and the City entered into a contract on July 15, 1946, whereby the City agreed to lease from plaintiff 300 meters of the agreed value of $75 each with the option in the City to purchase them at any time by applying to the purchase price any rents paid, and paying the balance then due. The rental fee was 50% of the net proceeds and it was expressly provided that the City was under no obligation to pay from any other fund. Net proceeds were to be determined by deducting from the total receipts, freight and installation costs

plus a stipulated monthly maintenance allowance. It was further agreed that the installation would be handled by the City and that the meters would cost no more than $3.00 each to install. The City actually installed 348 of these meters at a cost of $1401.24. The meters proved profitable and a fund in excess of $27,000 accumulated from their use, of which $7323.17 was owed to plaintiff. On January 19, 1948, City Council authorized the payment of this latter sum to plaintiff and accordingly the Supervisor of Accounts and Finances signed a voucher warrant. It is that warrant which the controller refused to countersign.

The controller argues that he is not satisfied of the legality of payment, because, in his judgment, the warrant and contract are both invalid and, in addition, the contract had been breached. He concludes that mandamus will not lie to control this exercise of his discretion.

The Third Class City Law, Act of June 23, 1931, P. L. 932, § 1706, provides, among other things, that "The city controller . . . shall countersign all warrants for the payment of moneys out of the city treasury *when satisfied of the legality of such payment.*" (Italics added.) While this statute gives to a city controller certain discretion to satisfy himself as to the legality of payment, such discretion must be one adhering to well known and established principles of law, rather than an arbitrary, fanciful or capricious one. See *Maloney v. Stahlnecker*, 341 Pa. 517, 19 A. 2d 162. If a controller abuses his discretion or acts under a mistaken view of the law, mandamus will lie to compel proper action: *Hotel Casey Co. v. Ross*, 343 Pa. 573, 23 A. 2d 737. A careful analysis of the record in the instant case in the light of these principles shows that the writ of mandamus was properly issued.

The controller alleges that the warrant was not signed by the drawer and that it was, therefore, impossible to determine whether it was drawn by the

proper person in compliance with Section 1804 of The Third Class City Law, as amended by the Act of July 2, 1941, P. L. 235, §1. The signature of the Supervisor of Accounts and Finances appeared thereon and there is nothing to show that he was not in fact the drawer or that he was not the proper drawer. Furthermore, the uncontested fact that the controller had countersigned all previous warrants drawn in the same manner shows that his refusal to sign the warrant in favor of plaintiff was purely arbitrary.

The controller argues that the contract was invalid because it contained no provision that plaintiff would comply wih the provisions of the Workmen's Compensation Act, as required by Section 1907 of The Third Class City Law, and also that it contained no certificate of appropriation as required by Section 1904 of the same statute. However, the contract called for installation of the meters by the City and payments to be made from the proceeds of the meters only. Since no work was to be done by plaintiff and no appropriations were called for, such provisions were unnecessary.

It is further contended that the City violated the Act of May 25, 1945, P. L. 1048, § 1902, which sets forth the procedure for competitive bids on contracts in excess of $500. However, that Act specifically provides: "That the requirements of this section . . . shall not apply . . . where particular types, models or pieces of equipment, articles . . . are required, which are patented and manufactured products . . ." The parking meters here involved are a particular type of patented and manufactured article, and consequently the statute was not applicable. It is true that the City did not comply with the terms of its own ordinance, which authorized the purchase of 225 meters, but it does not follow that the contract is invalid. The ordinance did not obligate the City to spend the taxpayers' money for meters when a more economical plan was made available. The

controller was mistaken in his view that the contract did not conform to the law.

The controller places some weight on his belief that the contract was breached because more than 300 meters were installed and the installation costs exceeded $3.00 per meter. It is neither the right nor the duty of a city controller to determine whether a contract is breached or whether a breach should be acted upon. If the City chooses to accept the benefits accruing from the additional meters and chooses to overlook the higher installation costs, which have long since been paid from the proceeds of the meters, the controller may not be heard to complain. The refusal to countersign the warrant on this ground is clearly an abuse of discretion. There is no insinuation of fraud or bad faith, and in the absence of such an averment, controller is bound to countersign this duly authorized warrant.

From a careful reading of the record, it is apparent that the controller's actions are based in part on a mistaken view of the law and in part on an abuse of discretion and the writ was, therefore, properly issued.

Order affirmed. All costs to be paid by appellant.