**Seeton v. Adams**

---

13. See footnote 3, supra.

C.P. of Berks County, no. 10-12649.

*Andrea M. Pace* and *Lisa M. White,* for plaintiff.
*Matthew J. Connell,* for defendant.

LASH, *J.*, October 29, 2010— The matters before this court are the preliminary objections of defendant, John T.

Adams, the district attorney of Berks County (hereinafter "district attorney"), seeking dismissal of the complaint in Mandamus filed by the plaintiff, Johnna Seeton (hereinafter "Seeton"), a duly appointed Humane Society Police Officer for the Pennsylvania Legislative Animal Network. In her complaint, Seeton alleges that she, in accordance with 18 Pa.C.S. § 5511 (hereinafter "the Animal Cruelty Law"), filed two (2) citations in magisterial district court, charging the Pike Township Sportsmen's Association (hereinafter "PTSA") with violations of section (c) of the Animal Cruelty Law. Seeton further alleges that the district attorney withdrew the citations over Seeton's objection, ending the prosecutions. Seeton claims that the district attorney's actions were improper and requests that this court, through the authority of mandamus, direct the district attorney to enforce the Animal Cruelty Law and reinstate and prosecute the citations. The district attorney filed the within preliminary objections, contending that Seeton has no right to relief in mandamus, asking that this court dismiss the complaint with prejudice. Argument was held on October 12, 2010.

Seeton is a Humane Society Police Officer, as that term is defined by § 2 of the Humane Society Police Officer Enforcement Act,[1] as follows: "Any person who holds a current appointment under the chapter to act as a humane society police officer for a society or association for the prevention of cruelty to animals. The term shall include any person who is an agent of a society or association for the prevention of cruelty to animals as 'agent' is used in 18 Pa.C.S. § 5511 (relating to cruelty to animals), provided

---

1. Act 205-04, November 30 P.L. 1603, 22 Pa.C.S.A. §3701, et seq.

that individual holds a current appointment under this chapter."

18 Pa.C.S.A. § 5511(i) provides the Humane Society Police Officer with authority to initiate criminal proceedings, stating: "An agent of any society or association for the prevention of cruelty to animals, incorporated under the laws of the commonwealth, shall have the same powers to initiate criminal proceedings provided for police officers by the Pennsylvania rules of criminal procedure."

In accordance with her authority, on December 10, 2009, Seeton filed two (2) citations with Berks County Magisterial District Judge Victor M. Frederick, IV, alleging that PTSA committed animal cruelty, thereby violating § c) of the animal cruelty law.[2] Specifically, Seeton alleged

---

2. Section (c), 18 Pa.C.S.A. §5511(c) provides:
(c) Cruelty to animals. - -
    (1) A person commits an offense if he wantonly or cruelly illtreats, overloads, beats, otherwise abuses any animal, or neglects any animal as to which he has a duty of care, whether belonging to himself or otherwise, or abandons any animal, or deprives any animal of necessary sustenance, drink, shelter or veterinary care, or access to clean and sanitary shelter which will protect the animal against inclement weather and preserve the animal's body heat and keep it dry.
    (2) (i) Except as provided in subparagraph (ii), a person convicted of violating paragraph (1) commits a summary offense.
    (ii) A person convicted for a second or subsequent time of violating paragraph (1) commits a misdemeanor of the third degree if all of the following occurred:
        (A) The action or omission for which the person was convicted for a subsequent time was performed on a dog or cat.
        (B) The dog or cat was seriously injured, suffered servere physical distress or was placed at imminent risk of serious physical harm as the result of the person's action or omission.
    (3) This subsection shall not apply to activity undertaken in normal agricultural operation.

that the PTSA, during a live pigeon, shoot it conducted on October 18, 2009, improperly handled and treated wounded and injured birds. Seeton charged that the PTSA "wantonly or cruelly neglected pigeons to which it has a duty of care, and deprived veterinarian care to pigeons, injured but not killed during and after the course of a live pigeon shoot held on its property" and "wantonly or cruelly subjected pigeons to which it has a duty of care, to abuse during the course of a live pigeon shoot on its property."[3]

According to Seeton's complaint, the district attorney contacted Seeton on December 14, 2009 by telephone and "demanded that she withdraw the citations and instructed her not to file any future citations against the PTSA in connection with its live pigeon shoots."[4] After Seeton refused to withdraw the citations, the district attorney contacted Judge Frederick directly on December 28, 2009 by correspondence, notifying him that the citations "are to be withdrawn." Accordingly, Judge Frederick withdrew the citations on January 13, 2010.[5]

On July 7, 2010, Seeton filed the within complaint in Mandamus asserting, among other things, that the district attorney has a "mandatory duty to enforce Pennsylvania's criminal laws, including the Animal Cruelty Law and to prosecute violations thereunder, and that the district attorney violated this duty by withdrawing the citations." She argues that the district attorney's withdrawal of the

---

3. Paragraph 16 of Seeton's complaint.
4. Paragraph 17 of Seeton's complaint.
5. Paragraph 19 of Seeton's complaint.

citations and corresponding failure to enforce the Animal Cruelty Law is a mistake of law, one which can be reviewed by the court in mandamus. The district attorney's preliminary objections followed.

As stated by the Pennsylvania commonwealth court in *Stone and Edwards Insurance Agency, Inc. v. Department of Insurance*, 616 A.2d 1060, 1063 (Pa. Cmwlth. 1992), cited by Seeton, when ruling on preliminary objections, a court:

> ...shall sustain such objections and dismiss the complaint, only in cases that are clear and free from doubt that the law will not permit recovery. *Capital City Lodge No. 12, Fraternal Order of Police v. City of Harrisburg*, 138 Pa.Commonwealth Ct. 475, 588 A.2d 584, appeal denied 528 Pa. 614, 596 A.2d 159 (1991). In ruling on a preliminary objection in the nature of a demurrer, this court must accept as true all well-pleaded allegations in the complaint and all inferences reasonably deduced therefrom. *Pennsylvania Chiropractic Federation v. Foster*, 136 Pa.Commonwealth Ct. 465, 583 A.2d 844 (1990). The court need not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion. *Commonwealth, Department of Public Welfare v. Portnoy*, 129 Pa.Commonwealth Ct. 469, 566 A.2d 336, appeal granted, 525 Pa. 648, 581 A.2d 574 (1990). A demurrer will not be sustained unless the face of the complaint shows that the law will not permit recovery, and any doubts should be resolved against sustaining the demurrer. *Gaster v. Township of Nether Providence*,

124 Pa. Commonwealth Ct. 595, 556 A.2d 947 (1989).

Mandamus relief is explained by the Commonwealth Court of Pennsylvania in *Banfield v. Cortes*, 922 A.2d 36, 42 (Pa. Cmwlth. 2007), where the court states:

> Mandamus is an extraordinary remedy designed to compel official performance of a ministerial act or mandatory duty where there exists a clear legal right in the plaintiff and a corresponding duty in the defendant and where there is no other adequate remedy at law. *County of Allegheny v. Commonwealth*, 518 Pa. 556, 544 A.2d 1305 (1988). Mandamus will not lie to compel the performance of discretionary acts except where the exercise or non-exercise of discretion is arbitrary, fraudulent, or based upon a mistaken view of the law. *Camiel v. Thornburgh*, 507 Pa. 337, 489 A.2d 1360 (1985). "If [an official] abuses his [or her] discretion or acts under a mistaken view of the law, mandamus will lie to compel proper action." *Duncan Meter Corporation v. Gritsavage*, 361 Pa. 607, 610, 65 A.2d 402, 403 (1949). (emphasis in original)

In essence, Seeton's argument is that the district attorney committed a mistake in law in determining that any actions performed during live pigeon shoots do not violate the Animal Cruelty Law as a matter of law. Seeton argues that the district attorney's analysis failed to consider that the law does permit prosecutions when pigeons wounded during the course of the pigeon shoot are thereafter mistreated.

We hold that Seeton, in her capacity as a police officer, is without authority to challenge discretionary acts of the district attorney. As she is not a proper party with a clear right to relief as required to sustain a mandamus action, she, therefore, is without standing to bring this action.

Our determination stems from the role and functions of the office of district attorney. As stated by the Pennsylvania Supreme Court in *Commonwealth v. Stipetich*, 539 Pa. 428, 430, 652 A.2d 1294, 1295:

> It is well established that district attorneys, in their investigative and prosecutorial roles, have broad discretion over whether charges should be brought in any given case. "A district attorney has a general and widely recognized power to conduct criminal litigation and prosecutions on behalf of the commonwealth, and to decide whether and when to prosecute, and whether and when to continue or discontinue a case." *Commonwealth v. DiPasquale*, 431 Pa. 536, 540-41, 246, A.2d 430, 432 (1968) (emphasis omitted). Accord *Commonwealth v. Whitaker*, 467 Pa. 436, 443, 359 A.2d 174, 177 (1976); *Commonwealth v. Eisemann*, 276 Pa.Super. 543, 545-46, 419 A.2d 591, 592 (1980) (broad discretionary power to determine whether prosecutions shall be commenced or maintained); 42 Pa.C.S. § 5947(b) (discretion to request immunity for witnesses); Pa.R.Crim.P. 101A (power to require that criminal complaints issued by police officers be approved by district attorney prior to filing); Pa.R.Crim.P. 133 (power to approve or disapprove private criminal complaints); Pa.R.Crim.P. 313 (power to move for nolle prosequi). See also ABA, standards for criminal justice

3-1.1, commentary (2d ed. 1980) ("The prosecutor...has responsibility for deciding whether to bring charges and, if so, what charges to bring against the accused....").

We note that the Commonwealth of Pennsylvania, represented by the district attorney, is the party plaintiff in a criminal prosecution. *Commonwealth v. Malloy,* 450 A.2d 689, 693, 304 Pa.Super. 297, 306 (1982). The district attorney is responsible for signing all bills of indictment and conducting in court all criminal and other prosecutions in the name of the commonwealth or when the commonwealth is a party, which arise in the county for which he is elected.[6]

The processing of a summary offense is considered a prosecution, for the commission of a summary offense is a crime under the Crimes Code. *Commonwealth v. Matty,* 619 A.2d 1383, 1386, 422 Pa.Super, 595, 600-601 (1993). Further, under Pa.R.Crim.P. 454(C), the district attorney is permitted to appear and assume charge of the prosecution of a summary offense.

In this case, Seeton, like the district attorney, is acting on behalf of the commonwealth, but in her capacity as a police officer. In this capacity, she is granted the authority to conduct investigations, issue citations and make arrests, but the extent of her prosecutorial abilities is limited, being subject to the authority of the district attorney. The district attorney is by our constitution and by statute,[7] the chief law enforcement official of the county in which he sits.

6. 1955, August 9, P.L. 323 §1402. Amended 1957, July 5, P.L. 484, §1, immediately effective. Effective 1978, April 28, P.L. 202, No. 53, §2(a)[1310], effective June 27, 1978, 16 P.S. §1402(a).
7. 1 Pa.Const. Art. 9, §4; 16 P.S. 1402(a).

There is no support in the law permitting a subordinate law enforcement official to challenge the district attorney's decision on matters which lie within his discretion. To permit such a challenge would allow police to bypass or ignore a decision of the district attorney in any case where they believed that he committed a mistake of law, thereby undermining his status and compromising his ability to oversee law enforcement in his county.

We note the case of *Commonwealth v. Stipetich,* supra, a case where police entered into a non-prosecution agreement with a criminal defendant in exchange for information which would aid other prosecutions. The non-prosecution agreement was entered without the consent of the Allegheny County District Attorney. In reversing the Superior Court, who had affirmed the trial court honoring the non-prosecution agreement, the Supreme Court found that the police did not have authority to bind the district attorney's office on whether charges would be filed. The court stated, in pertinent part:

> ...While the police exercise, as a practical matter, a certain discretion in deciding whether to make an arrest, issue a citation, or seek a warrant, the ultimate discretion to file criminal charges lies in the district attorney....

> The elected office of district attorney was created by our constitution, Pa. Const. art. IX, § 4, and its responsibilities are provided by statute. See 16 Pa.C.S. § 4402(a) (district attorney's duty to sign all bills of indictment and conduct in court all criminal prosecutions). The

legislature could not have intended that duties of the district attorney would be stripped away by actions of any of the thousands of municipal police officers in the commonwealth. Affording police officers authority... that prevent the district attorney from carrying out his duties would present a clear infringement of powers which the constitution and the legislature, as well as our case law, have reposed in the district attorney. Not only would it shift power from an elected and publicly accountable official to appointed public servants, but it would create havoc in the administration of justice by creating unbridled and decentralized decisions about which cases will be prosecuted.... 652 A.2d at 1295.

Seeton's status in seeking relief from common pleas can also be distinguished from that a victim/complaint. A victim/complainant is not considered a party to a proceeding, functioning in prosecutions solely as a witness. *Malloy*, supra, 450 A.2d at 693. However, under the Pennsylvania Rules of Criminal Procedure, a victim/complainant is permitted, as a private citizen, to file a private criminal complaint, subject to review by the district attorney. Under certain circumstances, a district attorney's declination to process the complaint can be reviewed by common pleas court.[8] In contrast, Seeton's ability

_____
8. Pa.R.Crim.P. 506 permits a person not a law enforcement officer to prepare a complaint and submit it to the district attorney, who then either approves or disapproves the complaint. If he approves the complaint, the matter shall be processed. If he disapproves the complaint, the victim/complainant may petition the Court of Common Pleas for review of the district attorney's decision. The standard of review depends upon whether the district attorney disapproved the private complaint based solely on legal conclusions, in which case, the trial court will review to determine whether an error of law has been committed. On the other hand, when the district attorney disapproves the private complaint for

to initiate a compliant is not a private right established by rule or statute, but as stated is a public action by a law enforcement official, subordinate to the chief law enforcement official, the district attorney. Therefore, unlike a victim/complainant, Seeton is without legal basis to challenge a district attorney's declination to prosecute or to gain access to common pleas court.

We enter the following order:

## ORDER

And now, October 29, 2010, upon consideration of the preliminary objections of John T. Adams, district attorney of Berks County, response thereto, briefs filed by the parties and after argument held, the preliminary objections are sustained. The complaint in Mandamus filed by plaintiff, Johnna Seeton, is dismissed, with prejudice.

---

policy considerations or a hybrid of legal and policy considerations, the court's standard of review is abuse of discretion. *In re Private Criminal Complaint of Wilson*, 879 A.2d 199, 214-15 (Pa.Super. 2005).