J-S65036-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LEE DAVID ANTONIK | : | |
| | : | |
| Appellant | : | No. 1036 MDA 2019 |

Appeal from the Judgment of Sentence Entered January 30, 2019
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s): CP-40-CR-0003230-2016

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LEE DAVID ANTONIK | : | |
| | : | |
| Appellant | : | No. 1037 MDA 2019 |

Appeal from the Judgment of Sentence Entered January 30, 2019
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s): CP-40-CR-0000004-2018

BEFORE:   PANELLA, P.J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                    **FILED JANUARY 06, 2020**

Appellant, Lee David Antonik, appeals from the aggregate judgment of

sentence of 27 to 54 months of confinement, which was imposed after he

_____

[*] Retired Senior Judge assigned to the Superior Court.

pleaded guilty to unauthorized use of automobiles and other vehicles[1] at Docket Number CP-40-CR-0003230-2016 and to manufacture, delivery, or possession with intent to manufacture or deliver a controlled substance ("PWID")[2] at Docket Number CP-40-CR-0000004-2018. With this appeal, appellate counsel has filed a petition to withdraw and an ***Anders***[3] brief, stating that the appeal is wholly frivolous. After careful review, we affirm and grant counsel's petition to withdraw.

In 2018, Appellant pleaded guilty to the aforementioned charges. In exchange, the Commonwealth withdrew charges of receiving stolen property, criminal use of communication facility, knowingly or intentionally possessing a controlled or counterfeit substance by a person not registered, use of or possession with intent to use drug paraphernalia, and an additional count of PWID.[4]

On January 30, 2019, the trial court sentenced Appellant to nine to eighteen months of confinement for unauthorized use of automobiles and other vehicles and to 18 to 36 months of confinement for PWID. The sentences are to be served consecutively, for an aggregate judgment of

_____

[1] 18 Pa.C.S. § 3928(a).

[2] 35 P.S. § 780-113(a)(30).

[3] ***Anders v. California***, 386 U.S. 738 (1967).

[4] 18 Pa.C.S. §§ 3925(a), 7512(a) and 35 P.S. § 780-113(a)(16), (32), and (30), respectively.

sentence of 27 to 54 months of confinement.[5]  Appellant's prior record score was "5," and his sentences were within the standard range of the sentencing guidelines.  Trial Court Opinion, filed August 8, 2019, at 1.

On February 4, 2019, Appellant filed a motion to modify sentence, which was denied on May 28, 2019.  On June 24, 2019, Appellant filed a timely direct appeal at each docket numbers; this Court later consolidated both appeals.[6]

On September 24, 2019, appellate counsel filed an **Anders** Brief, in which he presented the following issue:

> Whether the trial court abused its discretion when imposing a sentence, on each count, at the highest end of the standard range of the sentencing guidelines and running each sentence consecutive to one another?

**Anders** Brief at 3.  That same day, appellate counsel sent a letter to Appellant, informing Appellant that he intended to file a petition for leave to withdraw, and he filed his petition to withdraw.  Letter from Robert M. Buttner, Esquire, to Lee Antonik (September 24, 2019); Application to Withdraw as Counsel, 9/24/2019.  Appellant has not filed a *pro se* response to that petition.

On October 24, 2019, the Commonwealth sent a letter to this Court stating that it did not intend to file a responsive brief.  Letter from

---

[5] Appellant "received credit for 367 days of incarceration served prior to sentencing."  Trial Court Opinion, filed August 8, 2019, at 1.

[6] Appellant filed his statements of errors complained of on appeal on July 15, 2019.  Both statements of errors raised identical issues.  The trial court entered its opinion on August 8, 2019.

Gerry D. Scott, Assistant District Attorney, to Jennifer Traxler, Esquire, Deputy Prothonotary (October 24, 2019).

"[W]hen presented with an *Anders* brief, this court may not review the merits of the underlying issues without first passing on the request to withdraw." *Commonwealth v. Blauser*, 166 A.3d 428, 431 (Pa. Super. 2017). An *Anders* brief shall comply with the requirements set forth by the Supreme Court of Pennsylvania in *Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009):

> [W]e hold that in the *Anders* brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

Counsel seeking to withdraw on direct appeal must also meet the following obligations to his or her client:

> Counsel . . . must provide a copy of the *Anders* brief to his client. Attending the brief must be a letter that advises the client of his right to: (1) retain new counsel to pursue the appeal; (2) proceed pro se on appeal; or (3) raise any points that the appellant deems worthy of the court's attention in addition to the points raised by counsel in the *Anders* brief.

*Commonwealth v. Schmidt*, 165 A.3d 1002, 1006 (Pa. Super. 2017) (citations and internal brackets and quotation marks omitted). "Once counsel has satisfied the above requirements, it is then this Court's duty to conduct

its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous." *Commonwealth v. Goodwin*, 928 A.2d 287, 291 (Pa. Super. 2007) (*en banc*) (quoting *Commonwealth v. Wright*, 846 A.2d 730, 736 (Pa. Super. 2004)). Finally, "[w]e must also 'conduct an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel.'" *In re J.D.H.*, 171 A.3d 903, 908 (Pa. Super. 2017) (quoting *Commonwealth v. Flowers*, 113 A.3d 1246, 1250 (Pa. Super. 2015) (footnote omitted)).

In this appeal, we observe that appellate counsel's September 24, 2019, correspondence to Appellant provided a copy of the *Anders* brief to Appellant and advised Appellant of his right either to retain new counsel or to proceed *pro se* on appeal to raise any points he deems worthy of the court's attention. Further, appellate counsel's *Anders* Brief, at 3-6, complies with prevailing law in that counsel has provided a procedural and factual summary of the case with references to the record. Appellate counsel additionally advances relevant portions of the record that arguably support Appellant's claims on appeal. *Id.* at 10. Ultimately, appellate counsel cites his reasons and conclusion that Appellant's "appeal is wholly frivolous[.]" *Id.* at 13. Counsel's *Anders* brief and procedures therefore comply with the requirements of *Santiago* and *Schmidt*. We thereby proceed to conduct an independent review to ascertain whether the appeal is indeed wholly frivolous.

Appellant challenges the discretionary aspects of his sentence. *Anders Brief* at 9.

> Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right. Prior to reaching the merits of a discretionary sentencing issue[, w]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Manivannan*, 186 A.3d 472, 489 (Pa. Super. 2018) (quotation marks and some citations omitted), *reargument denied* (July 7, 2018). In the current case, Appellant filed a timely notice of appeal, preserved his issue in a post-sentence motion, and included a statement in his brief pursuant to Pa.R.A.P. 2119(f) ("Rule 2119(f) Statement"). *Anders* Brief at 7-9. The final requirement, whether the question raised by Appellant is a substantial question meriting our discretionary review, "must be evaluated on a case-by-case basis. A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Manivannan*, 186 A.3d at 489 (quotation marks and some citations omitted).

In his Rule 2119(f) Statement, Appellant contends that the trial court abused its discretion by sentencing him "at the highest end of the standard range of the sentencing guidelines" for both charges and by ordering his sentences to run consecutively. **Anders** Brief at 8. Appellant additionally argues that the trial court made incorrect findings about mitigating evidence. **Id.** at 9.

Whether a challenge to consecutive sentences within the guideline ranges raises a substantial question was recently discussed by this Court in **Commonwealth v. Radecki**, 180 A.3d 441, 469 (Pa. Super. 2018):

> As we explained in [**Commonwealth v.**] **Dodge**[, 77 A. 3d 1263 (Pa. Super. 2013)]:
>
> > A defendant may raise a substantial question where he receives consecutive sentences within the guideline ranges *if the case involves circumstances where the application of the guidelines would be clearly unreasonable, resulting in an excessive sentence*; however, *a bald claim of excessiveness due to the consecutive nature of a sentence will not raise a substantial question*. **See** [**Commonwealth v.**] **Moury**, 992 A.2d [162,] 171–72 [(Pa. Super. 2010)] ("The imposition of consecutive, rather than concurrent, sentences may raise a substantial question in only the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment.").
>
> **Dodge**, 77 A.3d at 1270 (emphasis added). Thus, under **Dodge**, a claim that a sentence is excessive due to it[s] consecutive nature generally does not raise a substantial question for purposes of Section 9781(b) of the Sentencing Code. Nonetheless, in **Dodge**, this Court held that the defendant raised a substantial question when he claimed that his aggregate sentence of 40 years and 7 months to 81 years and 2 months of incarceration was excessive based on the criminal conduct in which he engaged. **Id.** at 1273.

An *en banc* panel of this Court had previously considered the question of whether a trial court's decision to impose sentences consecutively can raise a substantial question in ***Commonwealth v. Caldwell***, 117 A.3d 763 (Pa. Super. 2015) (*en banc*):

> A court's exercise of discretion in imposing a sentence concurrently or consecutively does not ordinarily raise a substantial question. Rather, the imposition of consecutive rather than concurrent sentences will present a substantial question in only the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment.

***Id.*** at 769 (citations and internal quotation marks omitted).

Unlike the circumstances discussed in ***Radecki***, 180 A.3d at 469, and ***Caldwell***, 117 A.3d at 769, Appellant's Rule 2119(f) Statement does not claim that the length of his aggregate sentence was excessive or unduly harsh in light of his criminal conduct nor that the trial court's application of the guidelines was somehow unreasonable. ***See Anders*** Brief at 7-9. Accordingly, Appellant's assertion that the trial court abused its discretion by sentencing him "at the highest end of the standard range of the sentencing guidelines" for both charges and by ordering his sentences to run consecutively does not raise a substantial question. ***Id.*** at 8.

As for Appellant's insistence that the trial court failed to consider mitigating evidence properly, ***id.*** at 9, we note that "[a]n allegation that the sentencing court failed to consider certain mitigating factors generally does not necessarily raise a substantial question." ***Commonwealth v. Moury***, 992

A.2d 162, 171 (Pa. Super. 2010) (citing **Commonwealth v. Wellor**, 731 A.2d 152, 155 (Pa. Super. 1999) (reiterating allegation that sentencing court "failed to consider" or "did not adequately consider" certain factors generally does not raise substantial question)).  A rare example where this Court found an allegation that a trial court failed to give adequate consideration to mitigating circumstances to raise a substantial question was **Commonwealth v. Felmlee**, 828 A.2d 1105, 1107 (Pa. Super. 2003) (*en banc*), where the sentencing court also sentenced in the aggravated range of the sentencing guidelines, which is not the case in the current appeal.  For this reason, Appellant's allegations in his Rule 2119(f) Statement concerning mitigating evidence do not raise a substantial question, either.

Consequently, none of Appellant's arguments in his Rule 2119(f) Statement raise a substantial question, and, ergo, he has not preserved his challenge to the discretionary aspects of sentencing.  Hence, pursuant to our own independent judgment, we find Appellant's sole appellate claim to be frivolous.  **Goodwin**, 928 A.2d at 291.  In addition, we have reviewed the certified record consistent with **J.D.H.**, 171 A.3d at 908, and **Flowers**, 113 A.3d at 1250, and have discovered no additional arguably meritorious issues.  Therefore, we grant appellate counsel's petition to withdraw and affirm the trial court's judgment of sentence.

Judgment of sentence affirmed.  Petition to withdraw as counsel granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>01/06/2020</u>